IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hanger, Inc. and Hanger National Laboratories, LLC, | ) Civil Action No. 2:16-1519-DCN ) ) |
| Plaintiffs, | ) ) |
| v. | ) **REPORT AND RECOMMENDATION** ) |
| Original Bending Brace, LLC and Clarence Ralph Hooper, Jr., | ) ) ) |
| Defendants. | ) ) |

This matter is before the Court on Plaintiff's Hanger, Inc. and Hanger National Laboratories, LLC's (collectively "Plaintiff") motion for a preliminary injunction and Defendants Original Bending Brace, LLC and Clarence Ralph Hooper, Jr.'s (collectively "Defendant") motion for a preliminary injunction. A hearing was held before the undersigned on August 26, 2016, at which both parties were represented by able counsel.

Injunctive relief is an extraordinary remedy which will not be granted unless there is a clear showing of entitlement to relief. The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 346-347 (4th Cir. 2009), cert. granted, judgment vacated on other grounds by, Real Truth About Obama, Inc. v. Federal Election Com'n, 130 S.Ct. 2371 (2010); see Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. 7, 19-20 (2008); Stuhlbarg Int'l Sales Co., Inc., v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001)). In order to obtain such relief, the moving party must establish: 1) the likelihood that they will succeed on the merits;



1

2) the likelihood of irreparable harm to the moving party if the injunction is not granted; 3) that the balance of equities tips in the moving party's favor; and 4) the injunction is in the public interest. Winter, 555 U.S. at 20. All four requirements must be satisfied. The Real Truth About Obama, Inc., 575 F.3d at 346. Further, to obtain relief the moving party must demonstrate more than the "possibility" of irreparable harm, because the Supreme Court has held that that standard is "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the [moving party] is entitled to such relief". The Real Truth About Obama, Inc., 575 F.3d at 346 (citing Winter, 555 U.S. at 19-22). As stated at the hearing, the undersigned does not find that either party has met this exacting standard for obtaining injunctive relief.

First, Plaintiff has, inter alia, failed to show a likelihood of irreparable harm if its motion for injunctive relief is not granted for the simple fact that the Defendant has agreed to refrain from using the "Charleston Bending Brace" mark (Plaintiff's sought after relief in its motion) pending resolution of this lawsuit. Defense counsel confirmed this representation in open Court, noting that the Defendant Hooper is now using "Original Bending Brace" in the marketing of his product. Therefore, Plaintiff's motion for a preliminary injunction should be denied, without prejudice. Plaintiff may refile this motion in the event Hooper again uses or states an intent to again use the Charleston Bending Brace mark.

With respect to the Defendant's motion for a preliminary injunction, the undersigned is constrained to note that there is no dispute that Plaintiff is the owner of the trademark Charleston Bending Brace. Defendant argues that Plaintiff fraudulently obtained this trademark registration, and seeks to have Plaintiff enjoined from using the Charleston Bending Brace trademark until this

2



litigation is resolved. However, while Defendant may or may not be able to ultimately prevail on this claim at summary judgment or trial, federal registration of a trademark "is *prima facia* evidence that the registrant is the owner of the mark". George & Co., LLC v. Imagination Entm't. Ltd., 575 F.3d 383, 400, n. 15 (4th Cir. 2009). "Registration grants a presumption of ownership, dating ownership to the filing date of the federal registration application, and the party challenging the registrant's ownership must overcome this presumption by a preponderance of the evidence". Id. Therefore, the Defendant has failed to, inter alia, demonstrate the requisite likelihood that it will succeed on the merits for purposes of a preliminary injunction motion. The Real Truth About Obama, Inc., 575 F.3d at 346 [Injunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the moving party is entitled to such relief].

    Therefore, as neither party meets the standards for issuance of a preliminary injunction in this case, it is recommended[1] that these motions be **denied**, with Plaintiff's motion being denied without prejudice for the reasons stated.

    The parties are referred to the Notice Page attached hereto.

_____

August 29, 2016  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge

---

[1] A report and recommendation is required on these motions pursuant to 28 U.S.C. § 636(b)(1)(A). See Milliner v. Champion, No. 91-5159, 1992 WL 142668 (10th Cir. June 23, 1992).



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



4